1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3

4

5

6

7

DEVENNICE A. GAINES,

                    Petitioner,

        v.

DANIEL WHITE,

                    Respondent.

Case No. C18-5901-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for <u>November 27, 2020</u>

8

9

10

11

12

13

14

        This matter comes before the Court on petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the legality of his conviction for the crimes of second-degree murder with a firearm enhancement; and first-degree unlawful possession of a firearm. Dkt. 13-2, at 522-535 (Judgment and Sentence in Pierce County Superior Court Case No. 12-1-01384-7). The request for an evidentiary hearing should be DENIED, and the petition should be DISMISSED. A certificate of appealability should be DENIED, as explained below.

15

16

17

18

19

20

21

        Petitioner was sentenced on June 5, 2014 by the Honorable Judge Thomas Felnagle to 457 months of total confinement, with credit for time served, and other conditions of sentencing. *Id.* Petitioner presents four grounds for relief: (1) Juror misconduct; (2) Prosecutorial misconduct in closing argument; (3) Ineffective assistance of counsel; and (4) Various rulings of the trial court, including: Confrontation clause violation based on a ruling of the trial court that limited cross-examination. Dkt. 4, Petition for Habeas Corpus.

22

23

24

25

        The facts of petitioner's criminal case are summarized by the Washington State Court of Appeals, Dkt. 13-3, *State v. Gaines,* 194 Wn. App. 892 (2016), Ex. 22, at 10-

20. That opinion is attached to this Report and Recommendation; in the interest of brevity, the facts will not be re-stated here.

DISCUSSION

A.  <u>EXHAUSTION OF STATE COURT REMEDIES</u>

The State argues that petitioner failed to exhaust state remedies on a portion of claim four. Dkt. 12, Respondent's Answer, at 6-8. According to 28 U.S.C. § 2254(b)(1), the petitioner bears the burden of proof to show that he has exhausted state court remedies: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State[.]"

A state prisoner must exhaust state remedies by fairly presenting the same factual and legal bases for claims of any violation of federal rights to the state courts, before including those same claims in a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Exhaustion of federal claims requires the petitioner to finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The Court should hold that petitioner exhausted state remedies regarding petitioner's allegations that the trial court violated the Confrontation Clause of the Sixth Amendment by limiting the defense attorney's efforts to cross-examine one of the witnesses – Lakheea Thomas. *See* Dkt. 13-3, Ex. 23, at 34, 52 (Petition for Review to the Washington Supreme Court on direct appeal); Ex. 30 at 245-259 (Motion for Discretionary Review concerning Personal Restraint Petition). As to the other portions of claim four –

prohibiting the defense from introducing evidence of Denise Green's gun-carrying habit and denial of a motion to dismiss for governmental mismanagement – petitioner failed to exhaust state remedies, and those remedies are no longer available *Id.*

The unexhausted portions petitioner's fourth claim are procedurally barred, as discussed below.

B.  <u>PROCEDURAL BAR</u>

The State argues that petitioner cannot raise the other portions of claim four – prohibiting the defense from introducing evidence of Denise Green's gun-carrying habit and denial of a motion to dismiss for governmental mismanagement -- because each of these grounds is subject to procedural bar. According to the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan,* 566 U.S. 1, 9 (2012). Ordinarily, the federal court is required to consider procedural bar issues before reviewing any federal habeas corpus claim on the merits. *See Lambrix v. Singletary,* 520 U.S. 518, 524 (1997).

The state court must make a clear and express statement that it is relying on a procedural default. *Koerner v. Grigas,* 328 F.3d 1039, 1050-51 (9th Cir. 2003). Even if the state court issues a ruling that applies a procedural bar and, in the alternative, also addresses the merits, the court reviewing the case on federal habeas corpus will nevertheless enforce the procedural bar rule. *Harris v. Reed,* 489 U.S. 255, 264, n.10 (1989).

1    The state court procedural rule must be both "independent" and "adequate".

2  *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991). A state procedural rule is

3  considered "adequate" if it was "firmly established and regularly followed" at the time of

4  the act or omission that caused a procedural bar to be applicable. *Ford v. Georgia,* 498

5  U.S. 411, 423-25 (1991). The procedural rule under state law is "independent" if it is not

6  dependent on a federal constitutional ruling or interwoven with federal law. *Ake v.*

7  *Oklahoma,* 470 U.S. 68, 75 (1985).

8    After the respondent asserts procedural bar, the petitioner must specifically

9  allege reasons to show the state's rule of procedure is not adequate or independent.

10  *Bennett v. Mueller,* 296 F.3d 791, 757-758 (9th Cir. 2002), *amended by* 322 F.3d 573

11  (9th Cir. 2003). Procedural default will only be excused if the petitioner shows cause for

12  the default and actual prejudice from an alleged violation of federal law, or the petitioner

13  must demonstrate that failure to consider the claims will cause a fundamental

14  miscarriage of justice because the petitioner is actually innocent. *Schlup v. Delo,* 513

15  U.S. 298, 329 (1995); *Coleman,* at 750; *Rodney v. Filson,* 916 F.3d 1254, 1259 (9th Cir.

16  2019).

17    If a habeas corpus petitioner relies on ineffective assistance of counsel as a

18  basis for showing cause and "actual and substantial prejudice," a petitioner must

19  demonstrate that trial counsel was ineffective by failing to object and thereby preserve

20  the error at the trial court level. *Visciotti v. Martel,* 862 F.3d 749, 768-69 (9th Cir. 2017).

21  Therefore, to establish cause and prejudice to excuse the procedural default where trial

22  counsel failed to object at trial, the petitioner would need to show: First, that trial counsel

23  performed deficiently; second, a reasonable probability exists that, but for the deficient

24

25

performance of trial counsel, the result of the trial would have been different; and third, the underlying claim of ineffective assistance of trial counsel is a substantial one – i.e. the petitioner must show the claim of ineffective assistance of counsel has merit. *Id.* at 769-772; *see also Lowry v. Lewis,* 21 F.3d 344, 346 (9th Cir. 1994) (trial counsel does not provide deficient representation under *Strickland v. Washington,* when counsel fails to pursue a motion that would be meritless; petitioner must show that if counsel had filed the motion, the motion would have been granted and there is a reasonable probability that if the motion had been granted the outcome of the trial would have been different). At the procedural default stage, the federal court reviews ineffective assistance of counsel allegations de novo; it does not apply the AEDPA deference to the state court's ruling about ineffective assistance of counsel. *Visciotti,* 862 F.3d at 768-69.

With respect to the actual innocence exception to the procedural bar doctrine, the petitioner is required to establish more than the existence of a reasonable doubt; petitioner must show, based on new evidence, it is more likely than not that no reasonable juror would have convicted them in light of the new evidence. *Schlup,* 513 U.S. at 327 (citation omitted). This standard allows the petitioner to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. The federal court does "not make an independent factual determination about what likely occurred, but rather . . . assess[es] the likely impact of the evidence on reasonable jurors." *House v. Bell,* 547 U.S. 518, 538 (2006).

1    In this case, respondent argues that petitioner cannot raise the unexhausted

2  claims because the time for filing a personal restraint petition (PRP) has passed. Under

3  RCW 10.73.090, a one-year statute of limitations runs from the date the petitioner's

4  judgment became final. The petitioner's conviction became final on December 19, 2016,

5  when the Washington State Court of Appeals issued the mandate on direct appeal. Dkt.

6  13-3, Ex. 25, at 88. Petitioner filed a personal restraint petition within the one-year

7  period, but he did not raise these two portions of claim four in the PRP or in the petition

8  for discretionary review regarding that PRP. Dkt. 13-3, Ex. 26, at 91-112 (PRP).

9  Petitioner cannot pursue these claims in state court, because the one-year statute of

10  limitations has now passed. See Dkt. 13-3, Ex. 23, at 52-57 (Petition for Review to the

11  Washington Supreme Court on direct appeal); Ex. 26 (PRP); Ex. 30, at 245-259 (Motion

12  for Discretionary Review concerning Personal Restraint Petition).

13    In *Shumway v. Payne,* 223 F.3d 982, 989 (9th Cir. 2000),[1] the Court determined

14  that petitioner failed to show that RCW 10.73.090 was not an independent and

15  adequate state rule. The same is true in this case. Petitioner has not argued that RCW

16  10.73.090, as applied to his case, would be anything less than an independent and

17  adequate state rule barring review. Nor does he argue cause and prejudice, nor has he

18  brought evidence of actual innocence. Therefore, the Court should hold that these two

19  sub-claims (asserted within claim four) are procedurally barred.

20

21    C. ANALYSIS OF SUBSTANTIVE CLAIMS

22

23  [1] The Ninth Circuit has held, in a different factual context involving a mixed personal restraint petition
where some claims are timely and other claims are not, that RCW 10.73.090 is not an independent and
24  adequate state rule for purposes of the procedural bar analysis. *Powell v. Lambert,* 357 F.3d 871, 875-
880 (9th Cir. 2004).

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the federal court reviews the last reasoned state-court decision. *Murray v. Schriro,* 745 F.3d 984, 996 (9th Cir. 2014). In this case, the last reasoned state court opinion is the Washington State Court of Appeals decision in *State v. Gaines,* 194 Wn. App. 892 (2016); Dkt. 13-3, Ex. 22, at 9-32 (a copy of this Washington Court of Appeals opinion is attached to this Report and Recommendation).

The federal court defers to the state court's decision for claims that were adjudicated on the merits, except, the federal court does not defer if the state court made a decision "contrary to, or involved an unreasonable application" of "clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *Harrington v. Richter,* 562 U.S. 86, 97-98 (2011). Any claims that are federally reviewable and were not adjudicated on the merits by the state court, are reviewed de novo in federal court. *Rodney v. Filson,* 916 F.3d 1254, 1258 (9th Cir. 2019).

On habeas corpus review, the federal court presumes that the state court adjudicated the claim on the merits when "the relevant state court decision . . . fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal law]," unless the state court's ruling shows (or state law procedural rules would apply and preclude a decision on the merits) the merits were not reached. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 740 (1991)).

1    To be considered an adjudication on the merits, the state court's decision may be

2   a summary adjudication that does not include an explanation of the state court's

3   reasoning; the habeas petitioner must still show there was no reasonable basis upon

4   which the state court denied relief. *Harrington v. Richter*, 562 U.S. at 98-99. In reviewing

5   a summary decision by a state court that appears to be a decision "on the merits", the

6   federal court would be required to determine: First, "what arguments or theories

7   supported or . . . could have supported . . . the state court's decision"; second, "whether

8   it is possible fairminded jurists could disagree that those arguments or theories are

9   inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102; *Cook*

10   *v. Kernan,* 948 F.3d 952, 966 (9th Cir. 2020).

11    "Clearly established federal law" consists of governing legal principles

12   established by the United States Supreme Court at the time a state court renders its

13   decision. *Lockyer v. Andrade,* 538 U.S. 63, 77 (2003). If there is no prior decision of the

14   United States Supreme Court that would clearly entitle the petitioner to relief, "the state

15   court's decision could not be 'contrary to' any holding from this [the United States

16   Supreme] Court." *Woods v. Donald,* 575 U.S. 312, 317 (2015) (per curiam). The holding

17   of the United States Supreme Court, not dicta, constitutes clearly established law. *White*

18   *v. Woodall,* 572 U.S. 415, 419 (2014).

19    Each clause – "contrary to" and "unreasonable application" – contained in 28

20   U.S.C. § 2254(d)(1) has a separate and independent meaning. *Williams v. Taylor,* 529

21   U.S. 362, 405 (2000). A state court ruling is contrary to clearly established federal law if

22   the state court either arrives at a conclusion opposite to that reached by the Supreme

23   Court on a question of law or decides a case differently than the Supreme Court "on a

24

25

set of materially indistinguishable facts." *Williams,* 529 U.S. at 412-13 (2000). A state court decision is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

To be an unreasonable application of Supreme Court precedent, the state court's decision must be objectively unreasonable. *Wilson v. Sellers,* 584 U.S. __, 138 S.Ct. 1188, 1191-92 (2018); *Lockyear v. Andrade,* 538 U.S. 63, 75 (2003). The petitioner must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error. . . beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 103 (2011). This means a state court's decision must be more than "incorrect or erroneous"; if the state court simply made an error, then federal courts should refrain from re-evaluating the state court's application of federal law. *Lockyer,* 538 U.S. at 75; *Cooks v. Newland,* 395 F.3d 1077, 1080 (9th Cir. 2005).

When the federal court determines whether a state court decision was based on an unreasonable determination of the facts in light of the evidence, a federal habeas court must presume that state court factual findings are correct. 28 U.S.C. § 2254(e)(1). The presumption is overcome if the petitioner presents "clear and convincing evidence" that state court findings of fact are "objectively unreasonable." *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). The petitioner may be entitled to relief if there is an unreasonable factual foundation for the state court's factual determination. 28 U.S.C. § 2254(e); *Murray v. Schriro,* 745 F.3d 984, 999 (9th Cir. 2014).

1

2

3       1. **Claim One:** Juror Misconduct and Juror Bias or Prejudice

4       There is no United States Supreme Court precedent that requires a trial court to hold

5       an evidentiary hearing on every allegation of potential juror bias. *Sims v. Rowland,* 414

6       F.3d 1148, 1155 (9th Cir. 2005). According to existing United States Supreme Court

7       precedent, where there are allegations of jury tampering, the trial court is required to

8       hold an evidentiary hearing when an explicit request for a hearing on the issue of juror

9       bias has been made -- the Court also noted that the trial judge had conducted an

10      impermissible ex parte consultation with the prosecutor, leaving the defense to find out

11      later what had occurred. *Remmer v. United States,* 347 U.S. 227, 228-230 (1954). And,

12      in *Smith v. Phillips,* 455 U.S. 209, 212-16 (1982), the Court upheld a state trial court's

13      hearing that occurred after the verdict, concerning allegations of juror bias. Yet, neither

        in *Remmer,* nor in *Smith,* did the Court decide that an evidentiary hearing *must* be

        conducted in every case where juror bias is alleged.

        In the context of a claim that a juror committed misconduct by bringing extrinsic

        information into deliberations, the "appropriate inquiry is whether there was a direct and

        rational connection between extrinsic material and the prejudicial jury conclusion, and

        whether the misconduct relates directly to a material aspect of the case." *Mancuso v.*

        *Olivarez,* 292 F.3d 939, 953 (9th Cir. 2002). A state court's findings of fact concerning

        juror impartiality are entitled to special deference and may be rebutted only by clear and

        convincing evidence. 28 U.S.C. § 2254(e)(1); *Uttecht v. Brown,* 551 U.S. 1, 9-10 (2007).

        The petitioner is required to establish actual bias of the juror(s). *Smith,* 455 U.S. at 215-

        217 (1982). A trial court has discretion whether to hold a hearing when evidence of juror

        bias comes to light. *Sims v. Rowland,* 414 F.3d 1148, 1153-56 (9th Cir. 2005). Relevant

considerations, as to whether the court should hold an evidentiary hearing on

allegations of juror bias, would include "the content of the allegations, the seriousness of

the alleged misconduct of bias, and the credibility of the source". *Id.* at 1155.

In this case, the presiding juror (shortly after the jury began deliberating) sent a

note to the trial court and reported:

> One juror said out loud that he read in the newspaper 2 years ago, the
> "defendant has 2 priors." Eight jurors heard this. We heard during the trial of 1
> [prior felony] – it was stipulated. All have said this would not give prejudice [sic].
> Is this a problem?

Dkt. 13-2, Ex. 17, at 952 (Clerk's Papers, Jury Question, State Court Record at 411).

The trial court questioned each of the jurors (except Juror #2) about the

extraneous information – the content, which of the jurors shared the information, and

whether the jurors could continue. Dkt. 13-2, Ex. 14, at 409-488 (Transcript of

Proceedings (4-10-2014)). Each of the jurors (besides Juror #2, who was not

questioned) described the comments of Juror #2; but the presiding juror – Juror #11 –

stated that eight of the jurors actually heard what Juror #2 said. *Id.* at 417, 433, 434,

437, 442, 444, 448, 451, 455, 458, 462, 467-68.

Juror #11 stated that Juror #2's remark consisted of: "Why would he do it? He

has two strikes against him already. Why would he do it. I don't see why he would do it."

*Id.* at 417. Each of the jurors stated that they would follow the trial court's instructions,

that Juror #2's comment did not have a lasting impact, and they would consider only the

evidence that had been properly admitted at trial. *Id.* at 432-69.

The trial court excused Juror #2 and brought in an alternate juror. *Id.* at 477. The

trial court directed the jurors to begin their deliberations anew. *Id.* at 483-84; Dkt. 13-2,

Ex. 17, at 979 (Clerk's Papers, Jury Instruction 23, State Court Record at 438).

1    The trial court applied clearly established federal law, and the Washington State

2    Court of Appeals properly upheld (in *State v. Gaines,* 194 Wn. App. 892, 897-99 (2016))

3    the trial court's application of clearly established federal law. Consistent with the holding

4    of the Court in *Smith v. Phillips,* 455 U.S. 209, 217 (1982), the trial court determined that

5    the jury was "capable and willing to decide the case solely on the evidence before it."

6    The trial court observed and considered the demeanor and behavior of the jurors during

7    trial and during questioning. And, the trial court evaluated the statements of each juror –

8    using the criteria described in *Sims v. Rowland,* 414 F.3d 1148, 1153-56 (9th Cir. 2005).

9    Petitioner argues that Juror #1 was actually biased, but the trial court, and the

10    Washington State Court of Appeals properly reviewed this allegation under criteria that

11    is consistent with clearly established federal law.

12

13    2.    **Claim Two:** Prosecutorial Misconduct Allegations

14    Regarding prosecutorial misconduct, portions of the petitioner's allegations are

15    procedurally barred, as discussed above. Three of petitioner's claims have been

16    exhausted and are not procedurally barred.

17    These prosecutorial misconduct claims are: (1) the prosecutor argued facts that

18    were not in evidence; (2) the prosecutor vouched for a key witness presented by the

19    State, and told the jury that other witnesses lied; (3) the prosecutor argued, based on

20    impermissible evidence, that petitioner had a propensity to commit the crime. Dkt. 4,

21    Habeas Corpus Petition, at 7.

22    The prosecutorial misconduct claims should be rejected because the state court

23    applied clearly established federal law in a reasonable way. Clearly established law

24

25

from the United States Supreme Court holds that "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974). If a state court applies harmless error analysis to a constitutional claim, "a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." *Davis v. Ayala,* 135 S.Ct. 2187, 2199 (2015) (quoting *Fry v. Pliler,* 551 U.S. 112, 119 (2007)) (emphasis in original); *Hall v. Haws,* 861 F.3d 977, 992 (9th Cir. 2017). A state court decision will be considered reasonable under AEDPA standards as long as "fairminded jurists could disagree on [its] correctness." *Davis,* 135 S.Ct. at 2199.

And, habeas corpus relief for a claim of trial error will only be appropriate if an error results in "actual prejudice." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). The federal habeas court's test for determining whether a federal constitutional error at trial caused "actual prejudice" is: whether the federal court has "grave doubt about whether a trial error of federal law had a substantial and injurious effect or influence in determining the jury's verdict." *Davis,* 135 S.Ct. at 2197-98; *Hall,* 861 F.3d at 991.

When the federal court evaluates whether constitutional errors of prosecutorial misconduct occurred and whether any such errors were harmless, the court must consider the alleged errors in the context of the entire trial, including the weight of the evidence at trial, whether the state's attorney misstated evidence, whether the trial court gave a jury instruction about disregarding comments that are not evidence, whether the prosecutor's comment was invited by the defense, and whether the defense had an

1    adequate opportunity to rebut the allegedly erroneous comment. *Darden v. Wainwright,*

2    477 U.S. 168, 182 (1986); *Trillo v. Biter,* 769 F.3d 995, 1001-02 (9th Cir. 2014).

3        Considering the petitioner's allegations about the deputy prosecuting attorney's

4    remarks, in the context of all the evidence, the Court should hold that petitioner's

5    allegations do not establish that the prosecutor's acts "'so infected the trial with

6    unfairness as to make the resulting conviction a denial of due process.'" *Darden,* 77

7    U.S. at 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 642 (1974).

8    Unless petitioner can show that the deputy prosecutor prejudiced a specific

9    constitutional right, the only question before the Court is whether a due process

10   protection has been violated. *Id.*

11       The Washington Court of Appeals ruling is consistent with the analysis of

12   prosecutorial misconduct as a due process claim recited in *Darden* and is also

13   consistent with the standard of review in *Brecht v. Abrahamson,* 507 U.S. 619, 637

14   (1993). All of petitioner's claims concerning prosecutorial misconduct should be

15   rejected. Even though the "it's about to go down" statement may or may not have been

16   a comment made by Gaines, the deputy prosecutor drew an inference based on the

17   evidence, and this was fair closing argument. Dkt. 13-1, Ex. 4, at 268-269 (Testimony of

18   Jeffrey Maahs); Ex. 5, at 440, 464 (Testimony of Jesse Williams); Ex. 8, at 692-93, 753-

19   59, 805, 821 (Testimony of Lakheea Thomas); Ex. 9, at 1036-1037 (Testimony of

20   Denise Green); Dkt. 13-2, Ex. 12, at 202 (Testimony of Timothy McVea). Contrary to

21   petitioner's allegations, the deputy prosecutor did not vouch for Mr. Williams; he argued

22   the jury had reasons to conclude that Williams was accurately reporting what he

23   observed. Dkt. 13-2, Ex. 13, at 375-380 (State's Rebuttal Closing Argument). And, the

24

25

deputy prosecutor did not refer to the witnesses Thomas and Green as liars – the

deputy prosecutor contrasted the evidence that supported the accuracy and candor of

Mr. Williams' observations with the evidence that Ms. Thomas and Ms. Green admitted

at trial that they did not tell the truth when interviewed by police. Dkt. 13-1, Ex. 8, at 728-

32; Ex. 9 at 992-998.

Regarding petitioner's allegation that the deputy prosecutor made a closing

argument statement that the murder weapon (a .380 caliber handgun) was in Ms.

Green's purse, and that Ms. Green was not the shooter, this was also fair argument,

based on the evidence. The deputy prosecutor was asking the jury to conclude that the

shooter was Mr. Gaines and he was in possession of Ms. Green's gun. Dkt. 13-1, Ex. 8,

at 809; Dkt. 13-2, Ex. 12, at 272-275; Ex. 13, at 376-377. There was no prosecutorial

misconduct, and the Washington State Court of Appeals' decision was reasonable, and

consistent with clearly established federal law. *Darden v. Wainwright,* 77 U.S. 168, 181

(1986).


3.  **Claim Three:** Ineffective Assistance of Counsel Allegations

The United States Supreme Court's decision in *Strickland v. Washington,* 466

U.S. 668 (1984) is clearly established federal law concerning the Sixth and Fourteenth

Amendment right to effective assistance of counsel. *Cullen v. Pinholster,* 563 U.S. 170,

189 (2011); *Avena v. Chappell,* 932 F.3d 1237, 1247 (9th Cir. 2019), *cert. denied*, 140 S.

Ct. 1137 (2020). To obtain federal habeas corpus relief on a claim that counsel was

constitutionally ineffective, the petitioner "must show that counsel's representation fell

below an objective standard of reasonableness. . .. under prevailing professional

norms"; and the petitioner must establish that counsel's inadequate representation

cause prejudice – "that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.

*Strickland,* 466 U.S. at 688, 694; *Rodney v. Filson,* 916 F.3d 1254, 1260 (9th Cir. 2019).

"A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland,* 466 U.S. at 694. A federal habeas court uses a "doubly

deferential" standard of review – giving the state court and the defense counsel the

benefit of the doubt. *Cullen,* 563 U.S. at 190. Under AEDPA, the federal court does not

apply the *Strickland* standard de novo; "[t]he pivotal question is whether the state court's

application of the *Strickland* standard was unreasonable." *Harrington v. Richter,* 562

U.S. 86, 101 (2011).

In this case, petitioner alleges that his defense attorney was ineffective because

he failed to object to the prosecutor's alleged misconduct (see Claim 2, analyzed

above). Dkt. 4, Habeas Corpus Petition, at 8.

To justify granting habeas corpus relief, this Court would be required to find that

the Washington Court of Appeals decision is an objectively unreasonable application of

Supreme Court precedent. *Wilson v. Sellers,* 584 U.S. __, 138 S.Ct. 1188, 1191-92

(2018); *Lockyear v. Andrade,* 538 U.S. 63, 69 (2003). The petitioner must show that "the

state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error. . . beyond any possibility for fairminded

disagreement." *Harrington v. Richter,* 562 U.S. at 103 (2011); *Cook v. Kernan,* 948 F.3d

952, 966 (9th Cir. 2020).

1    Petitioner has failed to meet this burden, and habeas corpus relief concerning

2    ineffective assistance of counsel should be denied. As discussed above with respect to

3    petitioner's allegations concerning prosecutorial misconduct, none of the prosecutor's

4    remarks constituted error, and therefore the defense attorney's failure to object could

5    not have been prejudicial. Under *Harrington v. Richter,* the Court of Appeals reasonably

6    concluded that defense counsel's performance was not deficient.

7

8    4.  **Claim Four:** Whether the Trial Court Violated the Confrontation Clause of the

9        Sixth Amendment by Limiting Cross-examination of Lakheea Thomas for Bias.

10   Petitioner failed to exhaust state court remedies regarding portions of Claim

11   Four. He has exhausted state remedies concerning the Sixth Amendment Confrontation

12   Clause claim that pertains to the trial court's ruling imposing a limitation on the cross-

13   examination of Ms. Thomas.

14   Petitioner argues that his right to confront Ms. Thomas was limited by Judge

15   Felnagle to such a degree that it deprived him of a fair trial, in violation of the Sixth and

16   Fourteenth Amendments. Dkt. 4, Habeas Corpus Petition, at 10.

17   The trial court ruled that petitioner would be allowed to cross-examine Ms.

18   Thomas about whether, at the time she gave a statement to police, she had been

19   charged with the murder of Price (the individual that Gaines ultimately was convicted of

20   murdering) and whether those charges against Ms. Thomas were later dismissed. Thus,

21   Gaines was permitted to cross-examine Ms. Thomas regarding her having been

22   previously charged with the same murder for which Mr. Gaines was charged, and this

23   allowed the defense to argue reasonable inferences stemming from those previous

24

25

charges. Dkt. 13-1, Ex. 7, at 614-624 (Transcript of Trial Proceedings); Ex. 8 at 759-762, 775-815, 839.

Under the Sixth and Fourteenth Amendments, a criminal defendant has a right to confront and cross-examine adverse witnesses; yet, trial judges have wide latitude to impose limits based on trial concerns such as confusion of issues, and relevance. *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986). To show that a Sixth Amendment Confrontation Clause violation has occurred, petitioner is required to establish that a reasonable jury might have received a significantly different impression of the witness' credibility if the trial court had not restricted the line of questioning and instead, allowed the defense to pursue the cross-examination it had sought. *Id.* at 680; *Sully v. Ayers,* 725 F.3d 1057, 1074 (9th Cir. 2013).

The trial court may restrict confrontation of adverse witnesses, if the restrictions are neither arbitrary nor out of proportion to the purpose of the restriction. *Michigan v. Lucas,* 500 U.S. 145, 151 (1991). A trial court's erroneous ruling may be harmless under the Confrontation Clause; factors to determine whether such error would be harmless include: Whether the witness' testimony is important; whether the testimony is corroborated or contradicted by other evidence in the trial concerning material issues; the extent of cross-examination that did occur; whether excluded testimony was cumulative of other evidence; and the overall strength or weakness of the State's case. *Delaware v. Van Arsdall,* 475 U.S. at 684 (1986).

In this case, the trial court allowed petitioner to cross-examine Ms. Thomas about the charges that were dismissed. Dkt. 13-1, Ex. 8, at 759-762, 775-815, 839 (Testimony of Lakheea Thomas. The Washington Court of Appeals reasonably found that the trial

court did not abuse its discretion, because Gaines did not make an offer of proof concerning evidence about the State's decision to file charges against Ms. Thomas, and the decision to dismiss those charges. Moreover, the Court of Appeals found that the trial court properly determined this evidence would likely confuse the jury because there was no offer of evidence from the defense to lay a foundation that Ms. Thomas was influenced in her statement to police, or in her testimony, by the sequence of events. Dkt. 13-3, Ex. 22, at 26-27 (Part Published Opinion, *State v. Gaines,* 194 Wn. App. 892 (2016)).

D. <u>PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING</u>

"A state court need not conduct an evidentiary hearing to resolve every disputed factual question." *Gulbrandson v. Ryan,* 738 F.3d 976, 987 (9th Cir. 2013). A state court is not required to hold an evidentiary hearing if – even assuming the petitioner's allegations of fact were true – the allegations would not support relief. *Hibbler v. Benedetti,* 693 F.3d 1140, 1147-48 (9th Cir. 2012). The first step in deciding whether an evidentiary hearing should be ordered in federal court is to consider whether a factual basis exists in the state court record to support the petitioner's claim. *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *Hibbler,* 693 F.3d at 1147. "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* Two conditions must be met: First, petitioner must allege sufficient facts that, if true, would entitle petitioner to relief; and second, petitioner must show that they did not

receive a full and fair hearing in state court. *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir. 2003).

Where state courts adjudicated the habeas corpus claim on the merits, the federal court's review is normally limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011); *Gulbrandson v. Ryan,* 738 F.3d 976, 993 (9th Cir. 2013). There is a strong but rebuttable presumption that the state court adjudicated a federal claim on the merits. *See Johnson v. Williams,* 568 U.S. 298, 300-01 (2013); *Harrington v. Richter,* 562 U.S. 86, 99 (2011). If the state court applied the law in a manner that is contrary to the governing law set forth in United States Supreme Court precedent, then the federal court considers the claim without deference that AEDPA would otherwise require. *Panetti v. Quarterman,* 551 U.S. 930, 949, 953 (2007).

If a petitioner successfully shows that a state court based its findings on an unreasonable determination of facts, a petitioner may be entitled to an evidentiary hearing. *Hurles v. Ryan,* 752 F.3d 768, 790-91 (9th Cir. 2014). "If the factual basis for a claim is undeveloped or absent, the next inquiry is whether petitioner 'failed to develop' these facts in state court proceedings." *Cook v. Kernan,* 948 F.3d 952, 971 (9th Cir. 2020) (quoting *Insyxiengmay v. Morgan,* 403 F.3d 657, 669-70 (9th Cir. 2005)). And, under 28 U.S.C. §2254(e)(2), failure of a petitioner to develop the factual basis of the claim in state court will preclude the federal district court from granting an evidentiary hearing, unless:

> (A)     the claim relies on either:
>     (i)     a new rule of constitutional law, made retroactive to cases on
>             collateral review by the Supreme Court, that was previously
>             unavailable; or

(ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

*See Cook v. Kernan,* at 970-71.

In this case, the petitioner has not shown any unreasonable application of clearly established federal law, nor any unreasonable determination of facts, nor has he shown that he failed to develop facts because the factual predicate could not have been previously discovered through due diligence. Therefore, petitioner has not made a showing that he is entitled to an evidentiary hearing in this case.

## E. <u>CERTIFICATE OF APPEALABILITY</u>

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude

that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **November 27, 2020**, as noted in the caption.

Dated this 9th day of November, 2020.


*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 22